**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **SUSAN MOORE,** | * | **CIVIL ACTION NO.** |
| | * | |
|     **Plaintiff,** | * | |
| | * | |
| VERSUS | * | **HON. DISTRICT JUDGE** |
| | * | |
| **ROBERTO HERNANDEZ,** | * | |
| **AND JOHN L. BILLINGSLY** | * | |
| **TRUCKING, LLC,** | * | **HON. MAGISTRATE JUDGE** |
| | * | |
|     **Defendants** | * | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW INTO COURT, through undersigned counsel, comes SUSAN MOORE and files this, her Original Complaint. In support thereof, she would respectfully show the Court as follows:

I.

PARTIES

1. Plaintiff SUSAN MOORE, an individual, is a citizen of Louisiana and a domiciliary of Shongaloo, Webster Parish, Louisiana.

2. Defendant ROBERTO HERNANDEZ, an individual, is a citizen of Texas and a domiciliary of Angelina County, Texas and may be served with process at: 803 Shady Pine Street, Lufkin, Texas 75847.

3. Defendant JOHN L. BILLINGSLY TRUCKING, LLC is a single member limited liability company, duly formed and existing under the laws of the State of Texas, having its principal place of business in Houston County, Texas, and may be served through its registered agent for service of process and sole member/manager, John L.

Page 1 of 8

Billingsly, who is a citizen of Texas and domiciliary of Houston County, 2280 County Road 1050, Crockett, TX 75835-6306.

## II.

## JURISDICTION AND VENUE

4. Jurisdiction is proper in this Court because plaintiff is a citizen of the state of Louisiana and defendants are citizens of the state of Texas. The matter in controversy exceeds, exclusive of interest and costs, the sums specified by 28 U.S.C. § 1332.

5. Venue is proper in the Eastern District of Texas under the provisions of 28 U.S.C. § 1391 (b) (1), because at all times relevant hereto, Defendant ROBERTO HERNANDEZ was a resident of the Eastern District of Texas. In addition, John L. Billingsly, the sole member of John L. Billingsly Trucking, LLC, is a resident of the Eastern District of Texas.

6. Because venue is proper in the Eastern District of Texas, this suit is properly maintainable in any division of the Eastern District of Texas. *Singleton v. Volkswagen of America, Inc.*, 2006 WL 2634768 (E.D. Tex. Sept. 12, 2006).

## III.

## FACTUAL BACKGROUND

7. Plaintiff Susan Moore is a registered nurse who practices in the Emergency Room at Willis Knighton Medical Center.

8. The subject incident occurred at approximately 2:39 p.m. on July 22, 2015, in the middle travel lanes eastbound on Interstate 20 in Dallas, Dallas County, Texas.

9. On the afternoon of July 22, 2015, Plaintiff SUSAN MOORE was traveling eastbound on Interstate 20 while driving a 2013 Chevrolet Camaro.

10. On the afternoon of July 22, 2015, Defendant ROBERTO HERNANDEZ was also traveling eastbound on Interstate 20 while driving a 2006 Freightliner Classic pulling a 2008 Dorsey unit ("18-wheeler").

11. At all times material to this lawsuit, the 18-wheeler was owned by Defendant JOHN L. BILLINGSLY TRUCKING, LLC.

12. There are four (4) travel lanes eastbound on Interstate 20 where the incident occurred.

13. Shortly before the collision, Defendant ROBERTO HERNANDEZ, who was traveling eastbound in the lane to the immediate left of Plaintiff, drove the 18-wheeler into Plaintiff's lane of travel nearly making contact with Plaintiff's 2013 Chevrolet Camaro before Defendant ROBERTO HERNANDEZ drove the 18-wheeler back into his lane of travel.

14. As Plaintiff and Defendant ROBERTO HERNANDEZ continued traveling eastbound in separate lanes on Interstate 20, Defendant ROBERTO HERNANDEZ, again, drove the 18-wheeler into Plaintiff's lane of travel.

15. Suddenly, and without warning, Defendant's 18-wheeler side-swiped Plaintiff's 2013 Chevrolet Camaro as Defendant ROBERTO HERNANDEZ failed to see Plaintiff's vehicle.

16. The force of the collision forced Plaintiff's 2013 Chevrolet Camaro into the 18-wheeler as Plaintiff tried to maintain control of her vehicle.

17. As a result of the collision, Plaintiff sustained injuries resulting in pain and injury to her head, neck, back, and right knee, as well as headaches and nausea.

18. Plaintiff's injuries continued after the day of the collision and she required multiple medical consultations, physical therapy, injections, and surgery.

IV.

NEGLIGENCE

19. All allegations in the previous paragraphs are alleged herein.

20. Defendant ROBERTO HERNANDEZ had a duty to exercise ordinary care and operate the 18-wheeler reasonably and prudently.

21. Defendant ROBERTO HERNANDEZ breached his duty of care in the following ways:

    a. Failing to maintain control of the 18-wheeler vehicle;

    b. Failing to timely apply the brakes;

    c. Failing to pay attention to his surroundings;

    d. Failing to maintain a proper lookout;

    e. Failing to turn, swerve, or otherwise maneuver the vehicle to avoid the collision;

    f. Failing to obey and adhere to Texas traffic laws or other rules for operating a motor vehicle on a public street;

    g. Failing to take reasonable precautions for Plaintiff's safety;

    h. Driving in an improper, imprudent and careless manner;

    i. Failing to see what he should have seen;

    j. Traveling at an unsafe distance; and

    k. Failing in additional ways, as will be revealed during discovery.

22. Each of the foregoing negligent acts and/or omissions, whether taken singularly or in any combination, was a direct and proximate cause and/or producing cause and/or legal cause of the incident made the basis of this lawsuit and the injuries at issue herein.

23. Likewise, Defendant JOHN L. BILLINGSLY, LLC failed to use ordinary care in its screening, hiring and supervision of Defendant ROBERTO HERNANDEZ. More specifically, Defendant JOHN L. BILLINGSLY, LLC knew or in the exercise of ordinary care should have known that Defendant ROBERTO HERNANDEZ was not fit to operate a commercial motor vehicle and/or could not be entrusted with the 18-wheeler.

24. Defendants' respective breaches of duty described herein proximately caused injury to Plaintiff, which resulted in the damages detailed more fully below.

25. Plaintiff seeks unliquidated damages within the jurisdictional limits of this Court.

V.

NEGLIGENCE PER SE

26. All allegations in the previous paragraphs are alleged herein.

27. Defendant ROBERTO HERNANDEZ violated Texas Transportation Code § 545 when he breached his legal duty to Plaintiff in one or more of the following non-exclusive particulars:

    a. Failing to pay attention to his surroundings and/or keep a proper look out;

    b. Failing to timely apply brakes and/or stop;

    c. Failing to turn the vehicle to avoid the collision;

    d. Failing to take reasonable precautions for Plaintiff's safety; and

    e. Failing in additional ways, as will be revealed during discovery.

28. Additionally, Defendant ROBERTO HERNANDEZ violated Texas Transportation Code section 545.060(a), which provides that "[a]n operator on a roadway divided into two or more clearly marked lanes for traffic: (1) shall drive as nearly as practical

entirely within a single lane; and (2) may not move from the lane unless that movement can be made safely."

29. This statutory provision is designed to protect a class of persons to which Plaintiff belongs against the type of injuries suffered by Plaintiff.

30. This statutory provision is of the type that imposes tort liability.

31. Defendant ROBERTO HERNANDEZ's violation of the statute was without a legal excuse.

32. Defendant ROBERTO HERNANDEZ's breach of duty imposed by these statutory provisions proximately caused injury to Plaintiff, which resulted in the damages detailed more fully below.

33. Because of these violations, Defendant ROBERTO HERNANDEZ is liable for negligence per se.

34. Plaintiff seeks unliquidated damages within the jurisdictional limits of this court.

## VI.

## DAMAGES

35. All of the allegations in the previous paragraphs are alleged herein.

36. Defendants' acts or omissions, as detailed in Sections IV-V, proximately caused personal injury damages to Plaintiff, which include but are not limited to the following:

    a. Injury to her head, neck, back, and right knee, requiring physical therapy, injections, and surgery;

    b. Physical pain and suffering;

    c. Mental anguish; and

    d. Physical impairment.

37. As a result of the accident sued on herein, Plaintiff SUSAN MOORE has been unable to continue to work and has suffered the loss of wages in the past and will continue to suffer the loss of wages and earning capacity in the future.

38. As a result of the accident and the injuries received therefrom, SUSAN MOORE has sustained damages which include, but are not limited to, the following:

    a. Past and future medical expenses;

    b. Past and future lost wages, fringe benefits, and wage earning capacity;

    c. Past and future mental anguish and physical pain & suffering;

    d. Past and future physical impairment, disability, and disfigurement; and

    e. All other special and general damages as will be shown at the trial of this matter.

## VII.

## JURY DEMAND

39. Plaintiff prays for a trial by jury on all issues raised herein.

WHEREFORE, for these reasons, Plaintiff prays that there be judgment herein in the favor of plaintiff, SUSAN MOORE, and against Defendants, ROBERTO HERNANDEZ and JOHN L. BILLINGSLY TRUCKING, LLC, for a reasonable sum in dollars, together with legal interest from the date of judicial demand until paid, and all costs of this proceeding, as well as all general necessary and equitable relief.

Respectfully submitted,

 */s/Daniel J. Poolson, Jr.*
**DANIEL J. POOLSON, JR.**
Texas Bar No. 24099218

**GREGORIO, CHAFIN, JOHNSON, POOLSON, & TABOR, LLC**
3000 W. Esplanade Avenue, Suite 200
Metairie, LA 70002
Telephone:     (504) 475-7100
Facsimile:     (504) 475-7101
DPoolson@GCJ-Law.com
ATTORNEY IN CHARGE


OF COUNSEL:

**JAMES A. HOLMES**
Texas Bar No. 00784290

**LAW OFFICE OF JAMES HOLMES, P.C.**
212 South Marshall
Henderson, Texas 75654
Telephone:     (903) 657-2800
Facsimile:     (903) 657-2855
JH@James HolmesLaw.com

**ATTORNEYS FOR PLAINTIFF**